NO. 07-00-0399-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 27, 2001


______________________________



SAMUEL DEAN JONES
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13669-0003; HON. EDWARD L. SELF, PRESIDING


_______________________________


ABATEMENT AND REMAND 


_______________________________



Before QUINN and REAVIS and JOHNSON, JJ. 

 Samuel Dean Jones, appellant, appeals his conviction for possessing a controlled
substance. Appellant filed a motion for new trial which was overruled by operation of law. 
Both his notice of appeal and the clerk's record were timely filed with this Court. On
October 10, 2000, we received a request for extension to file the reporter's record from the
official court reporter of the 242nd District Court of Hale County. The request was granted,
and the deadline was extended to January 29, 2001. On January 17, 2001, we received
a letter from the court reporter regarding his upcoming surgery. However, the reporter
assured us that either he would file the record or request another extension. January 29th
passed without the record or a request for extension being filed. On March 2, 2001, we
advised the court reporter that the record had not been filed and directed him to tell us
(within ten days) why it was outstanding. On March 14, 2001, the court reporter filed
another request for an extension. Therein, he assured us that the document would be filed
on March 19, 2001. On March 19th no record was received nor did we receive another
request for an extension. 

 We, therefore, abate the appeal and remand the cause to the 242nd District Court
of Hale County. The judge of said court is ordered to convene a hearing (after notice to
appellant and the State) to determine the following matters: 

 1. if appellant has abandoned his appeal;

 2. if appellant has not abandoned his appeal whether the attorney of record
continues to represent appellant and will diligently pursue this appeal;

 3. whether a reporter's record can be transcribed and filed as part of the
appellate record;

 4. whether the court reporter transcribing the reporter's record involved in this
appeal is capable of completing the record and, if so,when it will be
completed; and,

 5. whether an alternate reporter should be deputized and assigned the task of
completing the record in a timely manner. 

 The trial court shall enter any and all orders necessary to assure the timely
completion of the reporter's record involved in this appeal. So too shall it prepare and file
its findings and orders and cause them to be included in a supplemental clerk's record. 
In addition, the trial court shall cause a transcription of the hearing to be prepared and
included in the supplemental reporter's record. Both the supplemental clerk's record and
reporter's record must be submitted to the clerk of this court no later than April 26, 2001. 
Should additional time be needed to comply with this order, the district court may request
same on or before April 26, 2001. 

 It is so Ordered. 

 

 Per Curiam 

Do not publish. 

 

 

 

 



 to manually pull back the trigger before it could
fire. So, it reasonably could be deduced that sometime before Jackson discharged the
weapon he intentionally engaged the hammer in preparation for firing the weapon. 
Jackson also admitted to ejecting the spent shell after the shooting and reloading the
shotgun before engaging in the third robbery. His having just come from one robbery to
conduct another, his hearing the store clerk scream, Garcia having been seen reaching for
what appeared to be an alarm, his engaging the hammer of the weapon in preparation for
discharging it, his shooting towards the door of the office from which the victim was
emerging, his facing the victim as the gun fired, and his reloading the shotgun before
proceeding to another robbery (rather than undertaking effort to help the person he
"accidentally" shot) constitutes overwhelming evidence from which a rational factfinder
could deduce, beyond reasonable doubt, that he intended to kill. 

 To the foregoing, we had appellant's willing participation in the robberies, her
knowing that Jackson would use a shotgun to scare his victims, her knowing that someone
could be hurt or killed as a result of a shotgun being taken to a robbery, her decision to
participate in the last robbery after being told of the shooting, and her aid in disposing of
the weapon. This is overwhelming evidence upon which a rational jury could find beyond
reasonable doubt that appellant conspired to commit a felony and anticipated that a death
could result therefrom. 

 Moreover, while the State did briefly mention the testimony of Garcia's son in its
closing argument, the character evidence did not relate to the intent to kill or appellant's
knowledge about the gun, its discharge, her voluntary participation in all three armed
robberies, or her assistance in the disposal of the murder weapon. We, therefore, find that
the evidence had, at most, only a slight effect on the jury's verdict. Thus, the purported
mistake was harmless. 

 Accordingly, the judgment is affirmed.


 Brian Quinn 

 Chief Justice

Do not publish. 

 

 
1. To the extent that appellant complains of error in allowing sobbing family members to remain in the
presence of the jury, the record does not reflect that such occurred and no mention of it was made during trial
by appellant. Tex. R. App. P. 33.1(a) (to preserve a complaint for appellate review, the complaint must have
been made to the trial court by a timely request, objection or motion). To the extent that appellant also raised
a complaint with respect to evidence of Garcia's children and grandchildren, she did not object at the time that
such evidence was first tendered. Ranson v. State, 707 S.W.2d 96, 99 (Tex. Crim. App. 1986) (a timely
objection is required). Additionally, appellant purportedly complains of the failure of the trial court to admit
evidence that methamphetamine was found in the deceased's purse. However, she fails to provide argument
or authorities on that particular point, and it is therefore waived. Lawton v. State, 913 S.W.2d 542, 558 (Tex.
Crim. App. 1995).